IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 27, 2004

## JAMES WILLIAM PARSONS, JR. v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Greene County**
**No. 04CR066     James E. Beckner, Judge**

_____

**No. E2004-01347-CCA-R3-HC - Filed December 29, 2004**

_____

The petitioner, James William Parsons, Jr., appeals the summary dismissal of his petition for writ of habeas corpus. In 1999, he pled guilty to theft of property over $1000, arson, consuming alcohol while under the age of twenty-one, and possession of a weapon in the commission of an offense and was sentenced to an effective sentence of two years and one day, with all but 120 days to be served on probation. He was subsequently convicted on separate charges in federal court and sentenced to the federal penitentiary. The petitioner filed a petition for writ of habeas corpus in the Greene County Criminal Court, claiming that his state plea agreement was illegal and void and therefore it was improper for the federal court to use the state convictions to enhance his federal sentence. The trial court dismissed the petition without a hearing on the matter, and the petitioner appealed. Based upon our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JERRY L. SMITH and J. C. MCLIN, JJ., joined.

Douglas A. Trant, Knoxville, Tennessee, for the appellant, James William Parsons, Jr.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; and C. Berkley Bell, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

From the sparse record in this case, it appears than on October 15, 1999, the petitioner pled guilty in the Criminal Court of Greene County to theft of property over $1000, arson, consumption of alcohol while under twenty-one years of age, and possession of a weapon in the commission of an offense. He was sentenced to an effective sentence of two years and a day, with 120 days to be served in incarceration and the remainder on probation, and the trial court entered an Alternative

Sentencing Order placing the petitioner in the community corrections program. The petitioner was subsequently convicted in federal court on unrelated offenses, and the state convictions in the present appeal were utilized to enhance his federal sentence.

On April 5, 2004, the petitioner filed a petition for writ of habeas corpus in the Criminal Court of Greene County, alleging that he was being illegally restrained of his liberty in federal prison in West Virginia due to his federal sentence being enhanced based in part on his Tennessee convictions. He claimed the state sentence was illegal and void because the trial court lacked jurisdiction under Tennessee Code Annotated section 40-36-106 to place him in community corrections, as his underlying convictions included the possession of a weapon in the commission of an offense and arson, which he contended was a "crime of violence." The petitioner alleged that he was "unaware that the agreed sentence to which he was pleading was illegal and could not have knowingly and voluntarily plead guilty" and "[u]nder such circumstances, a defendant is entitled to withdraw his plea and proceed with trial."

On April 13, 2004, the trial court dismissed the petition without a hearing, finding that the petitioner had failed to allege any grounds entitling him to habeas corpus relief:

> The petitioner is in Federal custody but the conviction in this court was used to enhance his Federal sentence.
> The petitioner was placed in Community Correction[s] after conviction for arson. Petitioner argues that the sentence (not the conviction) was illegal and void because this court did not have jurisdiction to sentence the petitioner to Community Corrections upon a conviction for Arson. The petitioner alleges that arson is a crime of violence.
> T.C.A. 40-36-106 makes persons ineligible for Community Corrections who have been convicted of a crime of violence to the person.
> Arson is not a crime of violence to the person. Aggravated Arson can be a crime of violence to the person but the petitioner was not convicted of Aggravated Arson.
> Further, even though the statute makes a defendant ineligible for sentencing to community corrections the sentencing court has jurisdiction to impose such a sentence.
> In addition a writ of habeas corpus must be filed in the jurisdiction in which the petitioner is incarcerated and this county is not that jurisdiction.

## ANALYSIS

We begin our analysis by agreeing with the State that this appeal appears to be time-barred. Pursuant to Tennessee Rule of Appellate Procedure 4(a), a notice of appeal must be filed within

thirty days of the judgment from which the appeal is taken. Although the order dismissing the petition was filed on April 15, 2004, the notice of appeal was not filed until June 2, 2004, and does not explain why it was filed outside the thirty days for appeal.[1] One possibility is that the certificate of clerk on the order, dated April 15, 2004, reflects that it was mailed to the petitioner at a route number in "Lauel Bloomey," Tennessee,[2] but it does not reflect that a copy was sent to the petitioner's counsel. At the time of the dismissal, it appears that the petitioner was incarcerated in a federal prison in West Virginia. This court may waive untimely filing of the notice of appeal "in the interest of justice." Tenn. R. App. P. 4(a). Because it does not appear that the notice of the dismissal of the petition timely reached the petitioner or his counsel, we will address the merits of this appeal.

It is well established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998); Passarella v. State, 891 S.W.2d 619, 626 (Tenn. Crim. App. 1994). A void, as opposed to a voidable, judgment has been defined by our supreme court as "one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); see also Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The judgment of a court of general jurisdiction is conclusive and presumed to be valid, and such a judgment can only be impeached if the record affirmatively shows that the rendering court was without personal or subject matter jurisdiction. Archer v. State, 851 S.W.2d 157, 162 (Tenn. 1993); Passarella, 891 S.W.2d at 626. Thus, habeas corpus relief is available only when "'it appears upon the face of the judgment or the record of the proceedings upon which the judgement is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment . . . has expired." Archer, 851 S.W.2d at 164 (citation omitted).

To obtain habeas corpus relief, the petitioner must show by a preponderance of the evidence that his sentence is void and not merely voidable. See Davenport, 980 S.W.2d at 409; Passarella, 891 S.W.2d at 627. Consequently, a petitioner cannot collaterally attack a facially valid judgment of the trial court in a petition for habeas corpus relief. Archer, 851 S.W.2d at 162. The proper means of challenging a facially valid judgment based on a constitutional violation is through a petition for post-conviction relief. Lewis v. Metropolitan Gen. Sessions Court for Nashville, 949 S.W.2d 696, 699 (Tenn. Crim. App. 1996); Fredrick v. State, 906 S.W.2d 927, 929 (Tenn. Crim. App. 1993).

The petitioner pled guilty to theft of property over $1000, a Class D felony, and was sentenced as a Range I, standard offender to two years and a day in the county jail. The judgment

---

[1]We note that the order dismissing the petition was filed on April 15, 2004, but the State's motion to dismiss was filed on May 27, 2004, and the petitioner's response to that motion was also filed on May 27, 2004.

[2]We presume this was intended to be Laurel Bloomery in Johnson County.

form for the theft shows that he was to be incarcerated for 120 days, with the remainder to be served on probation. The sentences for his arson, consuming alcohol under the age of twenty-one, and possession of a weapon in the commission of an offense convictions were one year, eleven months and twenty-nine days, and one year, respectively, to be served concurrently with the theft sentence. There is nothing on the face of the judgments, and the petitioner does not so allege, showing that the judgments were invalid or void.

Neither is the petitioner's sentence illegal. Community corrections is an alternative sentencing and punishment scheme for selected, nonviolent offenders, allowing the state to reserve "secure confinement facilities for violent felony offenders." Tenn. Code. Ann. § 40-36-103(1) (2003). The petitioner contends that because he did not meet the statutory eligibility requirements of Tennessee Code Annotated section 40-36-106(a)(1)(C) and (D), the trial court did not have the authority to sentence him to community corrections, and therefore, his sentence was illegal.

The judgment forms do not reflect that the petitioner was placed in the community corrections program, but the trial court entered an Alternative Sentencing Order on October 15, 1999, the same day the judgments were entered, placing the petitioner in the community corrections program. However, the order was not filed until April 3, 2000. As for whether the petitioner's sentence disqualified him from the community corrections program, as he claims, we note that he pled guilty to arson, as set forth in Tennessee Code Annotated section 39-14-303 (1997), which is styled "Setting fire to personal property or land" and exempts buildings or structures which are covered under Tennessee Code Annotated section 39-14-301. The record contains no facts concerning the underlying convictions, and we cannot conclude that the arson in this case was other than a property-related crime. Such a conviction would not make the petitioner ineligible for community corrections. He also pled guilty to possession of a weapon in the commission of an offense pursuant to Tennessee Code Annotated section 39-17-1307 (1997), which could have made him ineligible for community corrections under Tennessee Code Annotated section 40-36-106(a)(1)(D) (2003). However, Tennessee Code Annotated section 40-36-106(c) allows a trial court to sentence an otherwise ineligible felony offender to community corrections if that offender has a history of chronic alcohol or drug abuse, or mental health problems, and the problems can be treated in the community setting. Because of the incompleteness of the record, we cannot conclude that the trial court did not utilize this provision in sentencing the petitioner to community corrections. Thus, the record on appeal does not support the petitioner's claim that the nature of his sentences disqualified him from community corrections.

Finally, we note that in the very recent decision of Hickman v. State, __S.W.3d__, 2004 WL 2563267 (Tenn. 2004), our supreme court held the writ of habeas corpus cannot be used to attack a conviction when that conviction is only used to enhance a subsequent conviction. The facts of Hickman are similar to the present case. In Hickman, the petitioner pled guilty in 1986 to a marijuana possession charge. Sixteen years later, in 2002, the petitioner "sought to set aside the 1986 conviction 'so [that] it may not be considered in a case in U.S. District Court.'" Id. at *1. The Tennessee Supreme Court affirmed the dismissal of that petition, holding that "[a]lthough this 1986 conviction may have been used to enhance a federal sentence Hickman is serving, enhancement is

merely a collateral consequence of the 1986 judgment," and thus, "habeas corpus is not an appropriate avenue for seeking relief." Id. at \*\*4-5 (citing Maleng v. Cook, 490 U.S. 488, 109 S. Ct. 1923 (1989)). While the petitioner here might be "in custody" under the Post-Conviction Procedure Act and may be suffering "collateral legal consequences," see Passarella, 891 S.W.2d at 623, he is not "imprisoned" or "restrained of liberty" on the convictions he now challenges under the state habeas corpus act. The record reflects that the challenged sentences expired in 2001, and the petitioner is therefore no longer imprisoned or restrained of his liberty on those convictions. The enhancement of the petitioner's federal sentence would appear to be merely a collateral consequence of his state convictions. "Use of the challenged judgment to enhance the sentence imposed on a separate conviction is not a restraint of liberty sufficient to permit a habeas corpus challenge to the original conviction long after the sentence on the original conviction has expired." Hickman, 2004 WL 2563267, at \*5.

Under certain circumstances, a petition for writ of habeas corpus may be treated as a petition for post-conviction relief under Tennessee Code Annotated section 40-30-205(c); however, the statute of limitations for filing a post-conviction petition is one year from the date of the final action of the highest state appellate court to which an appeal is taken or within one year of the date on which the judgment became final. Tenn. Code Ann. § 40-30-102(a) (2003). Here, the guilty pleas were entered in 1999, but the habeas corpus petition was not filed until 2004. Therefore, even if we were to treat the petition as one for post-conviction relief, it would be barred by the expiration of the statute of limitations. Carter v. State, 952 S.W.2d 417, 420 (Tenn. 1997).

The petitioner does not allege that the trial court lacked personal and subject matter jurisdiction over him when it rendered the judgment. This judgment is presumed to be valid, and we see no evidence in the record before us that it was not. A facially valid judgment cannot be collaterally attacked by requesting habeas corpus relief, and the trial court was correct in dismissing the petition. We, therefore, affirm the judgment of the trial court.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court dismissing the petition.

_____
ALAN E. GLENN, JUDGE